**CENTRAL SOYA COMPANY, INC., Plaintiff,**

v.

**GEO. A. HORMEL & COMPANY, Defendant.**

**No. CIV–76–0032–D.**

United States District Court, W. D. Oklahoma.

April 10, 1980.

Harry A. Woods, Jr., Oklahoma City, Okl., Jerome F. Fallon, Chicago, Ill., Edward P. Armstrong, Fort Wayne, Ind., for plaintiff.

Jerry J. Dunlap, Oklahoma City, Okl., Herman H. Bains and Malcolm L. Moore, Minneapolis, Minn., for defendant.

ORDER

DAUGHERTY, Chief Judge.

In this patent infringement action, the Court filed its Memorandum Opinion in this case on July 23, 1979, determining that Plaintiff's patent-in-suit was valid and infringed by Defendant and permanently enjoining Defendant from further infringement. The judgments of validity, infringement and injunction were final judgments, and the Court reserved jurisdiction of this case for determination of the accounting, damages and attorneys fees issues. Thereafter, an appropriate judgment was filed herein and Defendant appealed this case to the United States Court of Appeals for the Tenth Circuit.

Presently before the Court is Plaintiff's Motion for an Order granting Plaintiff permission under Rule 62(a), Federal Rules of Civil Procedure, to take the deposition of an officer of the Defendant in Oklahoma City

before a Court-appointed magistrate under Rule 30(b)(6), Federal Rules of Civil Procedure, to inquire into certain matters in order to determine whether an action for contempt should be brought. Defendant has filed a Brief in opposition to the instant Motion contending that the discovery sought by Plaintiff is not permitted pending appeal and prior to the commencement of a contempt action by Plaintiff and that the Defendant has not disobeyed the Court's injunction. In this connection, Defendant maintains that the only discovery permitted pending an appeal is pursuant to Rule 27(b), Federal Rules of Civil Procedure, which permits depositions to be taken for the purpose of perpetuating testimony.

■ At the outset, the Court notes that it is not persuaded that Rule 27 is applicable under the circumstances herein. Rather, as the Court specifically reserved jurisdiction of some of the issues in this case, it appears that discovery by way of deposition may still be had under Rule 30, Federal Rules of Civil Procedure, and would not be limited to Rule 27 as Defendant contends. However, before a court may permit extensive discovery of suspected violations of its judgment, there should be at least a prima facie showing by the aggrieved party of disobedience of the judgment. *N.W. Controls, Inc. v. Outboard Marine Corporation*, 349 F.Supp. 1254, 1256 (D.Del.1972).

In the instant case, Plaintiff has submitted the affidavit of one of its attorneys, Jerome F. Fallon, in support of the instant Motion. In said affidavit, the affiant makes the following averments:

> Shortly after the entry of the injunction herein, he was advised by his client that it was strange that notwithstanding the entry of the injunction, that Central Soya's sales of pork loin fritters did not increase. He thereupon directed a letter dated August 31, 1979 ... to Herman H. Bains, principal counsel for Defendant inquiring whether Hormel in fact had ceased manufacture. When no answer was forthcoming, he telephoned the aforesaid Herman H. Bains in September and thereupon received Mr. Bains' letter of September 17, 1979 .... This indicates that Hormel had not been producing pork loin fritters prior to the Court's decision herein. Thereupon affiant wrote Mr. Bains again (on October 4, 1979 ...) asking for the date on which the last pork loin fritters were made. In response to that letter, Mr. Bains advised in his letter of November 6, 1979 ... that the production ceased in October 1978.

> Affiant conferred on November 12 with Mr. Bains and learned that defendant had been obtaining its needs of pork loin fritters from Ranch Hand Foods, Inc. since October 1978.

> He requested his client to obtain samples of the current production of pork loin fritters made by Ranch Hand Foods, Inc. and examine the same for possible infringement of the patent in suit.

> He was advised that two 5 lb. cartons of fritters were obtained, one labeled for John Graves Food Services, Inc. of Chillicothe, Missouri and the other for Geo. A. Hormel & Company of Austin, Minnesota—and that an important difference in the labels ... was that the legend on the Graves carton read:

> 'PACKED FOR JOHN GRAVES FOOD ...'

> while the legend on the Hormel carton read:

> 'PACKED BY GEO. A. HORMEL & CO. ...'

> He was further advised that the pork loin fritters of both cartons were substantially the same as those previously manufactured by Hormel and on which evidence was presented in this suit.

In response to the instant Motion, Defendant has submitted the affidavit of Loren Jacob, the manager of Defendant's Oklahoma City plant, where he states:

> In October, 1978, Hormel began purchasing pork loin fritters from Ranch Hand, Inc., Edwardsville, Kansas. Hormel's Fine Frozen Food's plant is the only plant of Defendant which purchases pork loin fritters. Prior to the purchase of any pork loin fritters from Ranch Hand, I inspected the Ranch Hand plant in Edwardsville to determine if Ranch Hand

met the standards of cleanliness and sanitation required by Hormel. I have never inspected nor observed the procedures employed by Ranch Hand in making pork loin fritters. Ranch Hand is an independent producer of meat products which are sold to wholesale customers and Ranch Hand was marketing pork loin fritters to others prior to its offer to sell pork loin fritters to Hormel. In its purchase of pork loin fritters from Ranch Hand, Hormel specifies only the weight of the product for the box and the weight of each fritter by ounce. In this regard, Hormel orders fritters which weigh 2.67 ounces, 3.2 ounces, and 4.0 ounces. Hormel does not specify what procedures are to be used in the production of the pork loin fritters, and Ranch Hand expressly refused to advise Hormel of the manner in which it produces pork loin fritters. I do not now know nor have I ever known what procedures Ranch Hand uses in its production of pork loin fritters.

Ranch Hand is provided with Hormel labels which are applied to the boxes or cartons by Ranch Hand. The Hormel labels originally provided to Ranch Hand inadvertently included the expression 'Packed by Geo. A. Hormel & Company' and comprised the first printing of labels Hormel furnished Ranch Hand in October, 1978. Ranch Hand obtained permission from the Department of Agriculture to apply those labels to the cartons containing the products produced and packed by Ranch Hand for Defendant. Many months ago, Ranch Hand was provided by Hormel with labels to be applied to cartons containing pork loin fritters produced and packed by Ranch Hand which includes the expression 'Packed for Geo. A. Hormel & Company'. The labels now being applied to the cartons containing pork loin fritters produced and packaged by Ranch Hand for Geo. A. Hormel & Company are the labels containing the expression 'Packed for Geo. A. Hormel & Company.'

Ranch Hand is an independent producer of meat products and Hormel in no way controls the operation of Ranch Hand. In addition to pork loin fritters, Hormel also purchases both veal and beef dinner steak product which is produced and packed by Ranch Hand but with a Hormel label applied thereto. The Hormel label is also applied to other specialty items which are produced and packed by other companies for Hormel.

In view of the foregoing, it appears that Defendant is purchasing pork loin fritters for purposes of resale from Ranch Hand Foods, Inc., an independent supplier who produces pork loin fritters pursuant to its own methods and procedures. As this is not a violation of the Court's judgment herein, the Court determines that the discovery sought by Plaintiff should not be permitted. See *N.W. Controls, Inc. v. Outboard Marine Corporation, supra,* 349 F.Supp. at 1257. Therefore, the Court finds and concludes that Plaintiff's "Motion Under Rule 62(a) F.R.C.P." should be overruled. Accordingly, Plaintiff's Notice of Deposition and Request for Documents filed herein on March 18, 1980, should be quashed.

It is so ordered.